RECEIVED
JUL 12 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| TINA DEVILLE NICHOLAS, ET AL | CIVIL ACTION NO. 2:14-03491 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| LIBERTY PERSONAL INS. CO., ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Plaintiffs' Motion for Summary Judgment as to Liability" (R. #47) wherein the plaintiffs, Tina Deville Nicholas and William Nicholas, move for a finding of one hundred percent (100%) fault by defendant, Kathryn Hauble, for a vehicle accident that occurred on September 24, 2014. There has been no opposition filed to this motion and the time for doing so has now lapsed.

## FACTUAL STATEMENT

On September 24, 2014, plaintiff, Tina Nicholas and defendant, Kathryn Hauble, were involved in a vehicular accident wherein Ms. Hauble turned in front of Ms. Nicholas' vehicle causing the accident.[1] Ms. Nicholas applied her brakes but was unable to avoid the accident.[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the

---

[1] Plaintiff's exhibit A.
[2] Id.

1

light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[10]

## **LAW AND ANALYSIS**

In her memorandum and statement of material facts, Ms. Nicholas presents her deposition testimony wherein she testified that Ms. Hauble turned left in front of her while trying

---

[3] Fed. R. Civ. P. 56(c).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[6] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[7] Anderson, 477 U.S. at 249.
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[10] Anderson, 477 U.S. at 249-50.

to enter the private drive at Target on the date of the accident. None of the defendants have disputed Ms. Nicholas' statement of facts and the time for doing so has now lapsed. Accordingly, this fact is undisputed. Furthermore, defendants have presented no evidence to assert that Ms. Nicholas was at fault in any way. Accordingly, the court finds that defendant, Kathryn Hauble was one hundred percent (100%) at fault for the accident that occurred on September 24, 2014.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted as the court finds that Kathryn Hauble was one hundred percent (100%) at fault for the accident that occurred on September 24, 2014.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this _12th_ day of July, 2016.

                                           **JUDGE JAMES T. TRIMBLE, JR.**
                                           **UNITED STATES DISTRICT COURT**