UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TINA DEVILLE NICHOLAS, ETA L | : | DOCKET NO. 14-cv-3491 |
| VERSUS | : | JUDGE TRIMBLE |
| LIBERTY PERSONAL INSURANCE COMPANY, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court in a Motion to Compel a Rule 35 Examination filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm").  The motion is opposed by plaintiff Tina Deville Nicholas ("Plaintiff").  Doc. 51.  For the following reasons, the motion is GRANTED.

### I.
#### BACKGROUND

On October 29, 2014, plaintiff filed a Petition for Damages alleging various bodily injuries arising out of an automobile accident which occurred on September 24, 2014, in Lake Charles, Louisiana.  Doc. 1, att. 1.

At plaintiff's deposition taken on April 6, 2016, State Farm learned that plaintiff was being treated by a neurosurgeon who discussed the availability of lumbar and/or cervical surgical procedures for her injuries.  In response, State Farm requested an evaluation by a neurosurgeon of its choosing in order to determine the appropriateness or the need for lumbar or cervical surgery. Plaintiff attended this evaluation on June 13, 2016.

After scheduling the above evaluation, State Farm learned that plaintiff was also being seen by an orthopedic physician who was considering the possibility of shoulder surgery.[1]   After receiving this information of a potential shoulder injury, State Farm scheduled an examination for plaintiff with Dr. Michael Duvall, an orthopedic physician in Lafayette, Louisiana in order for him to evaluate and opine on the necessity of any shoulder surgical procedure.  Plaintiff objects to this second examination by a second physician.

## II.
### ANALYSIS

When a party's "mental or physical condition" is in controversy, the court may order the party to submit to a Rule 35 examination by a "suitably licensed or certified examiner" when the mover shows "good cause" for the request.  Fed. R. Civ. P. 35(a) (1) and 35(a)(2).  Thus, there is a two part test for determining whether the motion should be granted.  First, the physical or mental state of the party must be in controversy and second, the moving party must show good cause as to why the motion should be granted.  *Schlagenhauf v. Holder,* 379 U .S. 104, 116 (1964).  "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere.  *Id.* at 118.  A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."  *Id.* at 119.

The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion.  *Glaze v Bud's Boat Rental, Inc.,* 1993 WL 441890, *1 (E.D.La. Oct. 21, 1993).  Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on

---

[1] State Farm received an email dated June 8, 2016 from counsel for plaintiff which included a report from an orthopedic physician discussing shoulder surgery.  Additionally, State Farm obtained medical records from Southwest Louisiana Imaging which included a May 19, 2016 MRI of plaintiff's shoulder.

motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.,* 2006 WL 2547047, at *2 (W.D.La. Aug. 31, 2006)

The court notes that Rule 35 does not limit the number of examinations a party may be required to undergo. *Moore v. Calavar Corp.,* 142 F.R.D. 134, 135 (W.D.La.1992). "Each request for an independent medical examination must turn on its own facts, and the number of examinations a party may be subjected depends solely upon the circumstances underlying the request." *Id.*

Here and although plaintiff was examined by a neurosurgeon in order to determine the need for lumbar or cervical surgery, the alleged injury to her shoulder, which was discovered after the appointment for the initial evaluation was set, calls for an examination by a physician in a separate and distinct medical specialty. There is no indication that the neurosurgeon had the opportunity to investigate the alleged shoulder injury. Therefore, State Farm is entitled to a second evaluation in order to have an orthopedic physician evaluate and opine on the necessity of any shoulder surgical procedure.

### III.
#### CONCLUSION

For these reasons, it is ORDERED that the Motion to Compel a Rule 35 Examination [#49] is GRANTED.

THUS DONE this 18 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE